*2011R01530/esw/ja*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Criminal No. 14-** ⅃𝒮₀CmℓC) |
| **v.** | **Hon. Mary L. Cooper, U.S.D.J.** |
| **RUBEN STOUTH,** | |
| **Defendant.** | **CONSENT JUDGMENT AND ORDER OF FORFEITURE (MONEY JUDGMENT)** |

**WHEREAS**, on or about June 27, 2014, defendant Ruben Stouth,
pursuant to a plea agreement with the United States, pled guilty to one-count
Information charging him with knowingly and intentionally distributing and
possessing with the intent to distribute 100 grams or more of a mixture or
substance containing heroin, a Schedule I controlled substance, in violation of
21 U.S.C. § 841(a)(1) & (b)(1)(B); and

**WHEREAS**, pursuant to 21 U.S.C. § 853, a person convicted of an
offense in violation of 21 U.S.C. § 841, as alleged in the Information, shall
forfeit to the United States all property, real and personal, involved in the
offense and all property traceable to such property; and

**WHEREAS** the property subject to forfeiture by defendant Ruben Stouth
consists of a sum of money equal to $8,000, representing the property involved
in the offense charged in the Information; and;

**WHEREAS** if, by any act or omission of the defendant, any property
subject to forfeiture:

**RECEIVED**

JUL - 2 2014

AT 8:30_____M
WILLIAM T. WALSH CLERK

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred or sold to, or deposited with, a third party;

    (C)    has been placed beyond the jurisdiction of the court;

    (D)    has been substantially diminished in value; or

    (E)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and

**WHEREAS** Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

**WHEREAS** Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture, including a preliminary order of forfeiture consisting of a money judgment, may become final at any time before sentencing if the defendant consents; and

**WHEREAS** defendant Ruben Stouth:

    (1)    Consents to the forfeiture to the United States of $8,000 representing the property involved in the offense charged in the Information which defendant Ruben Stouth has pleaded guilty; and

    (2)    Consents to the imposition of a money judgment in the amount of $8,000 (the "Money Judgment") pursuant to 21 U.S.C. § 853, and

agrees that this Order is final at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure; and

(3)     Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment; and

(4)     Waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction; and

(5)     Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(6)     Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(7)     Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment; and

**WHEREAS** good and sufficient cause has been shown,

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

-3-

**THAT**, as a result of the offenses to which defendant Ruben Stouth has pleaded guilty, the defendant shall forfeit to the United States the sum of $8,000, and a money judgment in the amount of $8,000 (the "Money Judgment") is therefore hereby entered against the defendant pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and it is further

**ORDERED** that, the defendant having given his consent pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, upon entry of this Consent Judgment and Order of Forfeiture, this Order is final as to the defendant Ruben Stouth, shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction; and it is further

**ORDERED** that all payments on the Money Judgment shall be made by postal money order or bank or certified check, made payable to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number; and it is further

**ORDERED** that upon execution of this Consent Judgment and Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment into the Department of Justice Asset Forfeiture Fund, and the United States shall have clear title to such forfeited property; and it is further

-4-

**ORDERED** that, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and issuance of subpoenas; and it is further

**ORDERED** that this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

**ORDERED** this 2nd day of July , 2014.

Mary L. Cooper

Honorable Mary L. Cooper
United States District Judge

-5-

The undersigned hereby consent to
the entry and form of this order:

PAUL J. FISHMAN
United States Attorney


By: SARAH M. WOLFE                          Dated: June 27, 2014
Assistant United States Attorney


LISA VAN HOECK, Esq.,                       Dated: June 27, 2014
Attorney for Defendant Ruben Stouth


Defendant Ruben Stouth                      Dated: June 27, 2014